# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-254-GCM-DCK

| | |
|---|---|
| ANDREW L. WILLIFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Judgment on the Pleadings" (Document No. 11) and "Defendant's Motion for Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion for Judgment on the Pleadings" be denied; that "Defendant's Motion for Summary Judgment" be denied; and that the Commissioner's decision be vacated and this matter be remanded for further consideration.

## BACKGROUND

Plaintiff Andrew L. Williford ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about July 27, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning February 15, 2008. (Transcript

of the Record of Proceedings ("Tr.") 27, 224-29). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on January 9, 2012, and again after reconsideration on April 18, 2012. (Tr. 27, 151, 170). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition was not severe enough prior to the end of your insured period to be considered disabling. More evidence was needed to fully evaluate the claim. Because we could not get this evidence, a disabling condition cannot be established. Therefore, based on all of the medical and non-medical evidence, we have decided that you were not disabled on or before coverage ended according to the Social Security Act.

(Tr. 170).

Plaintiff filed a timely written request for a hearing on May 10, 2012. (Tr. 27, 187). On May 24, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge S. D. Schwartzberg ("ALJ"). (Tr. 27, 53-82). In addition, Ms. Donna Jane Bardsley, a vocational expert ("VE"), Mr. Robert Stevenson, a witness, and Ms. Holly Fairbairn, Plaintiff's attorney, appeared at the hearing. (Tr. 27, 53).

The ALJ issued an unfavorable decision on June 17, 2013, denying Plaintiff's claim. (Tr. 24-39). Plaintiff filed a request for review of the ALJ's decision on August 19, 2013, which was denied by the Appeals Council on August 4, 2014. (Tr. 1, 9, 23, 27). The June 17, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 9).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on September 30, 2014. (Document No. 1). On October 1, 2014, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion for Judgment on the Pleadings" (Document No. 11) and "Plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings" (Document No. 12) were filed March 24, 2015; and "Defendant's Motion for Summary Judgment" (Document No. 13) and "Memorandum in Support of the Commissioner's Motion for Summary Judgment" (Document No. 14) were filed May 20, 2015. "Plaintiff's Response to Defendant's Memorandum in Support of Motion for Summary Judgment" (Document No. 15) was filed on May 29, 2015. "Defendant's Reply To Plaintiff's Response…" (Document No. 19) was filed on August 21, 2015.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**DISCUSSION**

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between February 15, 2008, and June 30, 2011.[1] (Tr. 27). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

>   (1)  whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
>   (2)  whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 38-39).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since February 15, 2008, his alleged disability onset date. (Tr. 29). At the second step, the ALJ found that history of right leg injury and right knee impairment, seizure disorder, history of head injury, and borderline intellectual functioning were severe impairments.[2] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 31).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium work activity:

> except he can perform work with frequent climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, but no more than occasional climbing ropes, ladders, or scaffolds; and he can perform work which does not involve concentrated exposure to hazards. Due to his borderline intellectual functioning, the claimant can perform work which is simple, routine, and repetitive.

(Tr. 33). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." Id. At the fourth step, the ALJ held that Plaintiff has no past relevant work. (Tr. 38).

At the fifth and final step, the ALJ concluded, based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity," that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 38). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included general laborer, cleaner, hand packer, and sorter. Id. Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between February 15, 2008, and the date of the decision, June 17, 2013. (Tr. 39).

Plaintiff on appeal to this Court makes the following assignment of error: the ALJ failed to consider a non-mechanical application of the Medical-Vocational Guidelines ("grids") pursuant to 20 C.F.R. § 404.1563(b). (Document No. 12, p.1). Additionally, in "Plaintiff's Response To Defendant's Memorandum In Support of Motion For Summary Judgment," Plaintiff assigns a new error in light of the Fourth Circuit's recent decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir.

2015). (Document No. 15, pp.5-6). The undersigned will discuss each of these contentions in turn.

A.    **Consideration of Medical-Vocational Guidelines**

In his first assignment of error, Plaintiff argues that the ALJ failed to consider a non-mechanical application of the Medical-Vocational Guidelines ("grids"), pursuant to 20 C.F.R § 404.1563(b). (Document No. 12, p.1). This section of the Social Security Regulations states that:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R § 404.1563 (2014).

While stating that he was less than six months away from turning fifty-five years old at the time of the ALJ's decision, Plaintiff notes that the SSA recognizes that borderline situations can exist up to six months prior to reaching a specified age. (Document No. 12, pp.5-6). Plaintiff contends that if the ALJ had utilized the older age grid rule, he would have found Plaintiff disabled, due to his limited education and lack of past relevant work. (Document No. 12, p.6). Plaintiff cites several cases which were remanded for failure to consider non-mechanical application of the grids. (Document No. 12, p.5) (citing Ford v. Heckler, 572 F.Supp. 992, 994 (E.D.N.C. 1983); Bush v. Astrue, 2008 WL 867941 at 5 (S.D.W. Va. 2008); Pickard v. Commissioner of Soc. Sec., 224 F.Supp.2d 1161, 1168 (W.D. Tenn. 2002); France v. Apfel, 87 F.Supp.2d 484, 491-92 (D.Md. 2000); and Daniels v. Apfel, 154 F.3d 1129,1133 (10th Cir. 1998)).

In response, Defendant argues that the ALJ adequately considered Plaintiff's borderline age and requests that the ALJ's decision be affirmed. (Document No. 14, p.1). Defendant acknowledges that Plaintiff presented a borderline situation and agrees that the grids would have

directed a finding of disability, had he categorized Plaintiff as a person of advanced age (55 or older). (Document No. 14, p.4). However, Defendant maintains that "[s]ubstantial evidence supports the ALJ's determinations that Mr. Williford was not disabled under the Act," and that he satisfied the requirements of 20 C.F.R § 404.1563(b) in considering whether to apply an older age category. (Document No. 14, p.3).

First, Defendant highlights that "while the regulations require the ALJ to 'consider' whether to use an older age category, they do not mandate the ALJ to explicitly discuss in the decision his or her conclusion to use a claimant's chronological age." (Document No. 14, p.5). Second, Defendant contends that the ALJ sufficiently considered whether to use the older age category by specifically mentioning Plaintiff's date of birth, by demonstrating an awareness of the various age categories, and by directly referencing 20 C.F.R. §§ 404.1563(b) and 416.963. Id. (citing Horton v. Colvin, No. 3:13-CV-304-MOC, 2014 WL 1316024, at *3-4 (W.D.N.C. April 1, 2014). Specifically, the ALJ noted that Plaintiff "was born on December 13, 1958 and was 49 years old, . . . on the alleged disability onset date. . . . subsequently [Plaintiff] changed age category to closely approaching advanced age." (Tr. 38).

Finally, Defendant contends that the ALJ did not apply the grids mechanically because of his reliance on a VE "to make an individualized assessment that specifically considered Williford's exact age before concluding that he could make a vocational adjustment to a significant number of jobs in the national economy." (Document No. 14, p.5-6). Defendant cites several cases establishing the importance of utilizing a VE in borderline age cases: Roberts v. Barnhart, 139 Fed.App'x. 418, 420 (3rd Cir. 2005) (stating that the "unrefuted evidence provided by the vocational expert supports the ALJ's conclusion that [the claimant's] age was not a factor significantly limiting her vocational adaptability"); Gonzalez v. Sec'y of Health and Human Serv.,

8

784 F2d 1417, 1420 (9th Cir. 1986) (holding that a vocational expert rather than the Grids should be used "where the claimant's [age] circumstances approach the upper limits of the grid guidelines"); and Littleton v. Astrue, No 3:10-00239, 2011 WL 805800 at *17 (S.D.W.Va. Feb 2, 2011) (finding no merit to claimant's argument that ALJ should have applied higher age category where ALJ used a vocational expert, who performed an individualized analysis of the jobs categories that could be performed by claimant, taking into consideration his age, experience, education, and limitations). (Document No. 14, p.6).

Defendant also addresses Plaintiff's cited cases that support remand when an ALJ does not consider non-mechanical application of the grids in a borderline case. (Document No. 14, p.7). Defendant distinguishes those cases, noting that the ALJs in those cases applied the grids in a mechanical fashion without an individualized assessment from a VE. Id.

The undersigned finds Defendant's reliance on Horton particularly persuasive in this instance. In Horton, the ALJ found that the claimant was not disabled prior to December 9, 2012—the date at which her age category changed to advanced age. Horton, 2014 WL 1316024, at *2. On appeal, Horton alleged that the ALJ failed to consider a non-mechanical application of the age categories. Id. This Court denied that part of Horton's motion, holding that the Commissioner's decision "clearly indicates that she was aware of the differing age categories . . . [and was also] aware that in such a borderline situation the age categories should not be applied mechanically," in part because she directly cited 20 C.F.R. § 404.1563. Id. at *3. Furthermore, the ALJ heavily relied on the VE's testimony to consider the plaintiff's vocational factors (age, education, and work experience), along with the plaintiff's RFC, to decide that Horton "was capable of making a successful adjustment to other work." Id.

9

In the current case, the ALJ's decision indicates an awareness of the differing age categories and the need for a non-mechanical application of the grids in borderline situations. The ALJ stated the claimant's date of birth, referenced the age categories, and explicitly referenced 20 C.F.R. §§ 404.1563 and 416.963. (Tr. 38). Additionally, much of the ALJ's language mirrors almost exactly those portions of the ALJ's decision in Horton that the Court felt showed the ALJ's understanding of the importance of a non-mechanical application of the different age categories. (Tr. 38) (compare to Horton at *3).

Finally, as in Horton, the ALJ here utilized the VE's testimony to conclude that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 39).

Based on the foregoing, the undersigned is not persuaded that Plaintiff's first alleged error requires remand. Rather, it appears that substantial evidence supports the ALJ's decision. However, because the undersigned will recommend remand to address Plaintiff's second assignment of error, the undersigned suggests that on remand the ALJ further clarify the consideration given to Plaintiff's age.

**B.    Applicability of Mascio**

In "Plaintiff's Response to Defendant's Memorandum in Support of Motion for Summary Judgment," Plaintiff argues for the first time that the ALJ failed to adequately account for his limitations in concentration, persistence and pace in the RFC determination. (Document No. 15, p.5). Plaintiff's new argument relies on the Fourth Circuit's recent decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), noting that the ALJ found at Step 3 that Plaintiff "had moderate limitations in concentration, persistence and pace due to being borderline retarded, . . . but the only

10

limitation he included in the RFC at Step 4 was for simple, routine, repetitive tasks." Id. (citing Tr. 32-33).

In Mascio, the hypothetical that the ALJ posed to the VE did not include Mascio's mental limitations. Mascio, 780 F.3d at 637. The Fourth Circuit held that the ALJ needed to explain "why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity." Id. at 638. The Fourth Circuit also clearly stated that "we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Id. (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011).

In reply, Defendant insists that the "ALJ did not ignore Plaintiff's moderate concentration, persistence, or pace limitations, but instead the ALJ specifically accounted for those limitations in his detailed and thorough hypothetical question to the vocational expert and in his RFC finding in the decision." (Document No. 19, p.3). Defendant makes this assertion without citation to the record, and the undersigned is not persuaded that the actual hypotheticals to the VE were as thorough as Defendant contends. (Tr. 78-81).

The undersigned observes that, as in Mascio, the ALJ in the current case found that Plaintiff has "moderate difficulties in concentration, persistence, or pace." (Tr. 32). As noted above, the ALJ also recognized that Plaintiff suffers severe impairments including "borderline intellectual functioning" and a "history of head injury," including "traumatic brain injury." (Tr. 29, 35). The ALJ ultimately determined that "[d]ue to his borderline intellectual functioning, the claimant can perform work which is simple, routine, and repetitive." (Tr. 33).

11

As in Mascio, when the ALJ here questioned the VE about Plaintiff's ability to successfully transition to other work, he limited the hypothetical person's range of abilities to (among other things) "simple, routine, repetitive work," but apparently failed to directly account for Plaintiff's limitations in concentration, persistence, and/or pace. (Tr. 78-81).

Notably, Plaintiff's attorney posed the ALJ's same hypotheticals to the VE, but adding that the hypothetical person "would suffer deficits in concentration, persistence, and pace at up to a third of the day." (Tr. 81). The VE concluded that there would <u>not</u> be any jobs for that individual, primarily due to his "difficulty with the supervision and concentration and persistence and pace." (Tr. 81-82).

Based on Mascio, the undersigned is concerned that an RFC allowing for "simple, routine tasks or unskilled work" does not adequately account for Plaintiff's limitations in concentration, persistence, and pace. Mascio, 780 F.3d at 638. The undersigned finds Plaintiff's quotation of a recent decision of this Court persuasive: "Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered." (Document No. 15, p.6) (quoting Reinhardt v. Colvin, 3:14-CV-488-MOC, 2015 WL 1756480, at *3 (W.D.N.C., April 17, 2015).

## CONCLUSION

Although Defendant may ultimately be correct that there are jobs in the national economy that Plaintiff can perform, the undersigned is not persuaded that the ALJ's decision is supported by substantial evidence. The undersigned finds that the ALJ's decision lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the

undersigned will recommend that the Commissioner's decision be vacated, and that this matter be remanded for further consideration as discussed herein.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion for Judgment on the Pleadings" (Document No. 11) be **DENIED**; "Defendant's Motion for Summary Judgment" (Document No. 13) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 28, 2015

David C. Keesler
United States Magistrate Judge